UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| Cynthia Mentele, Katherine Miller, Irvina Mizell, and Roxanne Pera, | No. 3:15-cv-5134 |
| Plaintiffs, | |
| v. | **COMPLAINT - CLASS ACTION** |
| GOVERNOR JAY INSLEE, in His Official Capacity as Governor of the State of Washington; KEVIN W. QUIGLEY in His Official Capacity as Director of the Washington State Department of Social and Health Services; DAVID SCHUMACHER in His Official Capacity as Director of the Washington State Office of Financial Management; and SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 925, a labor organization, | |
| Defendants. | |

**INTRODUCTION**

1. This case seeks to enforce and expand the United States Supreme Court's decision in *Harris v. Quinn*, 134 S. Ct. 2618 (2014), to Washington family child care providers who are not members of the union. *Harris* held the First Amendment does not permit a State to compel personal care providers to subsidize speech on matters of public concern by a union they do not wish to join or support. The State is forcing Plaintiffs and all other family child care providers to

COMPLAINT
NO. 3:15-cv-5134

1

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

accept, and until September 18, 2014, financially support, a mandatory representative to speak to or petition the State over its child care policies. Plaintiff's allege that this violates their rights under the First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. 1983, to choose individually with whom they associate or support to petition or to speak to the government. This case concerns whether it is constitutional for a State to compel citizens to accept a mandatory representative to lobby government over policies that affect their private businesses in providing family child care services and seeks the return of the Union fees automatically seized by the State from the childcare payments made to nonunion providers.

2.  This is a civil rights class action pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief, as well as nominal and compensatory damages and/or restitution of union fees illegally collected from Plaintiffs and the class members they seek to represent. Defendants are state actors acting under the color of state law—specifically, the Public Employees' Collective Bargaining Chapter, RCW 41.56.010 et seq., and collective bargaining agreements between the State and SEIU Local 925. Defendants have been depriving and continue to deprive Plaintiffs and other family child care providers of their rights, privileges, and immunities against compelled speech and compelled association under the First and Fourteenth Amendments of the United States Constitution.

3. Plaintiffs are family child care providers who operate child care businesses in their homes and receive child care subsidies from the State. Plaintiffs are not members of the exclusive bargaining representative of the State-wide family child care provider bargaining unit. Plaintiffs bring this suit to enjoin and declare unconstitutional RCW 41.56.028 and RCW 41.56.080 to the extent that those statutes mandate an exclusive bargaining representative on

COMPLAINT
NO. 3:15-cv-5134

2

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

behalf of all family child care providers, and those portions of RCW 41.56.113(1)(b)(i) and RCW 41.56.122 applicable to family child care providers, along with Articles 1, 4.1 and 5 (before it was superseded by a new Memorandum of Understanding (MOU) on September 18, 2014) of the 2013-2015 Collective Bargaining Agreement ("CBA") between the State of Washington and SEIU Local 925, and similar language in any future CBAs which implement those statutory provisions. RCW 41.56.028, RCW 41.56.080, and 41.56.113(1)(b), along with Articles 1 and 4.1 of the CBA, forces citizens who are family child care providers receiving State subsidies to accept a mandatory, exclusive representative to lobby the government over policies that affect their private businesses. RCW41.56.113(1)(b)(i), along with Article 5, prior to it being superseded by a September 18, 2014, MOU, of the CBA, which required the State acting as payor, but not as employer, to deduct from the payments to family child care providers who are not members of the union a fee equal to SEIU's membership dues and remit that fee to the union, forced citizens who are family child care providers to accept and financially support a mandatory representative to speak to and petition the State over its child care policies.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, because it arises under the First and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. § 1343, because Plaintiffs seek relief under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief, including preliminary and permanent injunctive relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure, based thereon.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district, Plaintiffs reside and do business in this judicial district, and Defendants do

COMPLAINT
NO. 3:15-cv-5134

3

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

business and operate in this judicial district. Because the claims arose in Thurston County, intradistrict assignment to the Tacoma Division is proper. Local Civil Rule 3(d).

## PARTIES

6. Plaintiffs Cynthia Mentele, Kathy Miller, Irvina Mizell, and Roxanne Pera are licensed child care providers who operate child care businesses in their homes and receive child care subsidies from the State. They are family child care providers pursuant to RCW 41.56.030(7). Mentele and Mizell reside and operate their businesses in King County, Washington. Miller resides and operates her business in Klickitat County, Washington. Pera resides and operates her business in Clark County, Washington. Plaintiffs are members of a state-wide bargaining unit represented by Local 925, but are not members of Local 925 and have not been members of that union at various times since March 5, 2012.

7. Defendant Jay Inslee is the Governor of the State of Washington, Washington's chief executive officer, and the public employer of family child care providers pursuant to RCW 41.56.028, and is being sued in both of these official capacities.

8. Defendant Kevin Quigley is the Director of the Washington Department of Social and Health Services ("DSHS"). As such, on information and belief, he is charged with the responsibility of issuing child care subsidy payments to family child care providers, including Plaintiffs and class members, and processing all deductions therefrom, including union dues and nonmember dues equivalent fees according to a "union security" provision pursuant to RCW 41.56.113(b). He is sued only in his official capacity.

9. Defendant David Schumacher is the Director of the Washington State Office of Financial Management. As such, and on information and belief, he is charged with the responsibility of negotiating and enforcing the collective bargaining agreement on behalf of the

COMPLAINT
NO. 3:15-cv-5134

4

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

governor with SEIU 925 pursuant to RCW 41.56.028(1). These responsibilities are handled by the Labor Relations Division of OFM, over which Schumacher exerts direct authority. He is sued only in his official capacity.

10. Defendant Service Employees International Union Local 925 ("SEIU 925") is a labor union conducting business and operations throughout the State of Washington with its headquarters located in this judicial district at 1914 N 34th Street, Suite 100, Seattle, WA 98103. SEIU 925 is the exclusive bargaining representative of family child care providers pursuant to RCW 41.56.028 and RCW 41.56.080.

## FACTUAL ALLEGATIONS

**I. Family Child Care Providers and the State of Washington.**

11. Washington's family child care providers care for a child or children in the home of the provider or in the home of the child or children throughout all hours of the day, and in certain circumstances overnight and on weekends. Providers may receive child care subsidies for their care of children. Providers are either licensed by the state under RCW 74.15.030 or are exempt from licensing under chapter 74.15 RCW. RCW 41.56.030.

12. Reimbursements to family child care providers are funded through public programs such as Working Connections Child Care ("WCCC"), Washington's largest-such program, that subsidize child care for qualified low-income working families.[1] WAC 170-290-0001; WAC 170-290-0240.

13. Licensed providers who care for children from families eligible for subsidized care receive a subsidy payment from the state. WAC 170-296A-1075; WAC 170-290-0200. License-exempt providers also receive a child care subsidy from Washington when caring for children

---

[1] Other Washington programs include, for example, the Early Childhood Education and Assistance Program ("ECEAP"), Head Start, the DSHS Children's Administration, the DSHS Division of Alcohol and Substance Abuse, and the DSHS Division of Vocational Rehabilitation.

COMPLAINT
NO. 3:15-cv-5134

5

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

...

1  participating in WCCC and other similar programs. WAC 170-290-0240.

2  14. The subsidy payments minus any deductions are administered and remitted to
3  providers by DSHS through the Social Service Payment System. WAC 170-290-0240.

4  **II. Washington law compels family child care providers to accept and financially support a mandatory exclusive representative for purposes of collective bargaining.**
5

6  15. Washington family child care providers are public employees solely for the purposes
7  of collective bargaining. RCW 41.56.028(1). Washington's Governor is the public employer of
8  family child care providers. *Id*. However, the same statute notes that family child care providers
9  are not public employees of the state for any purpose other than collective bargaining. RCW
10  41.56.028(3).

11  16. Washington law requires all family child care providers receiving a subsidy to be
12  represented by a single, exclusive bargaining representative in a single, state-wide bargaining
13  unit. RCW 41.56.028(2)(a); RCW 41.56.060; CBA, Art. 1.1.

14  17. On June 23, 2006, the Washington Public Employment Relations Commission
15  certified SEIU 925 as family child care providers' exclusive bargaining representative for the
16  purpose of collective bargaining. *In the matter of the petition of: Service Employees*
17  *International Union, Local 925*, Decision 9362, Case 20272-E-06-3134 (PECB, 2006), available
18  at http://www.perc.wa.gov/databases/certifications/09362.htm (last visited on February 12,
19  2015).

20  18.  SEIU 925, as the providers' sole and exclusive bargaining representative, is signatory
21  to a collective bargaining agreement ("CBA") with the Governor of Washington that determines
22  the terms and conditions of employment of all bargaining unit members, including Plaintiffs and
23  other nonmembers of the union. That CBA prevents the State from meeting, discussing,

24

COMPLAINT
NO. 3:15-cv-5134                       6                       FREEDOM FOUNDATION
PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

conferring, subsidizing or negotiating with any other individual, employee organization or their representatives on any matters pertaining to the terms and conditions of employment. CBA, Art.1.1, 4.1, available at http://www.ofm.wa.gov/labor/agreements/13-15/nse_cc.pdf (last visited February 12, 2015).

19. Until superseded by the September 18, 2014 MOU, the CBA between the state of Washington and SEIU 925 contained a "union security" provision requiring the following: "every child care provider covered by this Agreement shall, as a condition of acceptance of subsidy payments for child care services provided and continued eligibility to receive payment for services provided, become and remain a member of the Union paying the periodic dues, or for nonmembers of the Union, the fees uniformly required." CBA, Art. 5.1.

20. RCW 41.56.113 directs the state to withhold union dues from providers who are members of SEIU 925 and dues equivalent fees from Plaintiffs and other class member providers who are union nonmembers. RCW 41.56.113(1)(b)(i).

21. SEIU 925, by and through its secretary, determines the amount of the membership dues and equivalent nonmember fees. RCW 41.56.113(1)(a); CBA Art. 5.1, 6.1.

22. DSHS administers the deductions and remits payment directly to SEIU 925's Treasurer. WAC 170-290-3800; WAC 170-290-0240.

**III. The state and SEIU 925 are forcing Plaintiffs and other family child care providers to associate with mandatory representatives.**

23. Washington's certification of SEIU 925 as the exclusive bargaining representative of all family child care providers forces Plaintiffs and other providers into a mandatory agency relationship with SEIU 925, wherein SEIU 925 has the sole legal authority to act as their agent for purposes of petitioning the state regarding its child care policies, contracting with the State,

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com

JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

and petitioning the State for enactment of regulations and legislation.

24. By certifying SEIU 925 as the exclusive representative of all family child care providers, the State forcibly associates and affiliates Plaintiffs and other providers with SEIU 925's petitioning, speech, contracts, and public policy positions.

25. Plaintiffs oppose being forced to accept SEIU 925 as their mandatory representative for petitioning and contracting with the state. They do not want to be forced into an agency relationship with this advocacy group, and do not want to be affiliated with its expressive activities.

26. At various times since March 5, 2012, Plaintiffs and class members have provided child care services to one or more children enrolled in a State public assistance program. As a result, they were subject to the compulsory fee requirements of RCW 41.56.113, and had union fees automatically taken from their payments, without their authorization, through the August 2014 payment for Plaintiff Mizell, the September 2014 payment for Plaintiff Mentele, the October 2014 payment for Plaintiff Miller and the November 2014 payment for Plaintiff Pera. The payment for any designated month is dated the first of the subsequent month and usually received by the provider within a few days of the subsequent month.

27. Although the State and SEIU 925 entered into a MOU on September 18, 2014, which purported to require proper authorization from family child care providers before any deductions of SEIU dues or voluntary contributions were made by the State from the subsidy payments for child care services, the automatic union deductions continued for Plaintiffs Miller and Pera until they specifically requested in writing by certified mail that the unauthorized SEIU deductions cease.

28. Plaintiffs oppose being forced to pay compulsory fees to SEIU 925, and do not want

COMPLAINT
NO. 3:15-cv-5134

8

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

to subsidize the organization or its expressive activities.

29. Plaintiffs Miller and Pera also oppose having to opt out and specifically request that their SEIU deductions cease to effectuate the MOU's discontinuance of automatic deductions from the payments to nonmembers of SEIU 925.

## CLAIMS FOR RELIEF

30. Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

31. The First Amendment to the United States Constitution guarantees each individual a right to choose whether, how, and with whom he or she associates to "petition the Government for a redress of grievances" and engage in "speech." A state grievously infringes on these First Amendment rights when it compels citizens to be represented by and associate with and financially support an expressive organization or its expressive activities. Those infringements are subject to at least exacting constitutional scrutiny, and are permissible only if they serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms.

## COUNT I

**(Exclusive representation in violation of 42 U.S.C. § 1983 and the United States Constitution)**

32. Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

33. By and through RCW 41.56.028, RCW 41.56.080, and 41.56.113(1)(b), along with Article 1 and 4.1 of the CBA, and related provisions, as well as the certification of an exclusive representative, Defendants have deprived Plaintiffs of their constitutional rights to not associate with an organization for purposes of speech and "petition[ing] the Government for a redress of grievances" in violation of the First Amendment, as secured against State infringement by the

COMPLAINT
NO. 3:15-cv-5134

9

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

1  Fourteenth Amendment and 42 U.S.C. § 1983.

2      34. No compelling state interest justifies this infringement on Plaintiffs' First Amendment rights.

    35. RCW 41.56.028 and RCW 41.56.080 to the extent that those statutes mandate an exclusive bargaining representative on behalf of all family child care providers, and 41.56.113(1)(b), along with Articles 1 and 4.1 of the CBA, are thus unconstitutional both on their face and as applied to Plaintiffs.

## COUNT II

**(Compulsory financial support of SEIU 925 is a violation of 42 U.S.C. § 1983 and the United States Constitution)**

    36. Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

    37. By and through RCW 41.56.113(1)(b)(i), along with Article 5 of the CBA prior to the September 18, 2014, MOU, and related acts, as well as the automatic seizure of dues equivalent fees from Plaintiffs and class members, unless they specifically opted out and requested the deductions to cease, Defendants have compelled Plaintiffs, and on information and belief, continue to compel other family child care providers to financially support SEIU 925 as their mandatory representative for petitioning and contracting with the State. By so doing, Defendants have violated, and continue to violate, the First Amendment rights of Plaintiffs and other child care providers, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, not to associate with a mandatory representative and not to support, financially or otherwise, petitioning and speech.

    38. No compelling state interest justifies this infringement on Plaintiffs' First Amendment rights.

COMPLAINT
NO. 3:15-cv-5134

10

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

39. RCW 41.56.113(1)(b)(i), along with Article 5 of the CBA prior to the September 18, 2014 MOU, and related acts requiring opt out, are thus unconstitutional both on their face and as applied to Plaintiffs.

## CLASS ALLEGATIONS

### (Limited to Count II)

40. Plaintiffs bring this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(3), for themselves and for all others similarly situated. The class for Count II consists of all family child care providers who are not members of the union but from whom the State deducted dues equivalent fees from their payments and remitted to SEIU Local 925 and its affiliates. The class includes everyone who comes within the class definition at any time from March 5, 2012, until the conclusion of this action.

41. According to Local 925's 2013 LM-2 Annual Report filed with the United States Department of Labor, there are more than 3,000 class members. Their number is so numerous in varying locations and jurisdictions across Washington that joinder is impractical.

42. There are questions of law and fact common to all class members, including Plaintiffs. Factually, all class members were, or may still be, compelled financially to support SEIU Local 925 as their state-designated representative for the purposes of speaking to, petitioning, and otherwise lobbying the State and its officials with respect to limited aspects of the child care subsidy programs. The question of law is the same for all class members: does this violate the First Amendment's least restrictive means test and constitute a prior restraint on class members' speech.

43. Plaintiffs' claims are typical of other members of the class who are subject to the same deprivations of their First Amendment rights by the State's deduction and transmittal and

COMPLAINT
NO. 3:15-cv-5134

11

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

Local 925's acceptance of dues equivalent fees from nonmembers, and the State and Local 925 owe an identical duty with regards to these claims to Plaintiffs and all other class members.

44. Plaintiffs can adequately represent the interests of the class and have no conflict with those class members who have chosen to be nonmembers of Local 925, and who were or are, as a condition of receiving their child care payment, forced by the State to pay dues equivalent fees to Local 925 and otherwise support a state-designated lobbyist in violation of their First Amendment rights.

45. A class action can be maintained under Rule 23(b)(3), because the common questions of law or fact identified in Count II concerning the constitutional and civil rights of nonmember family care providers predominate over any questions affecting an individual class member. A class action is superior to other available methods for fair and efficient adjudication of this controversy, in that Plaintiffs and class members are deprived of the same constitutional and civil rights by the State's deduction and Local 925's acceptance and spending of dues equivalent fees from nonmember family care providers. Moreover, the limited amount of money at stake for each individual provider makes it burdensome for Plaintiffs and class members to maintain individual and separate actions.

46. Defendants' illegal actions against all Plaintiffs and class members were taken pursuant to the same statutes and collective bargaining agreements, and constituted a concerted scheme that results in the violation of Plaintiffs' and class members' First Amendment rights at multiple levels.

47. Plaintiffs' attorneys are provided to Plaintiffs and class members *pro bono* by national and state/regional charitable organizations that provide free legal aid to employees or providers. These attorneys are experienced in representing individuals who are not members of a

COMPLAINT
NO. 3:15-cv-5134

12

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

1  union in federal civil rights litigation, having litigated many of the leading constitutional cases in
2  this area of law, including class actions involving union fee issues identical or similar to those
3  raised in this action and pertaining to the class. These attorneys are best able to represent the
4  interests of the class members and will fairly, zealously, and adequately do so.

**PRAYER FOR RELIEF**

6  Wherefore, Plaintiffs request that this Court:

7      **A.**    **Class action:** enter an order, as soon as practicable, certifying this case as a class
8  action for Count II, certifying the class as defined in the Complaint, certifying Plaintiffs as class
9  representatives for the class, and appointing Plaintiffs' counsel as class counsel for the class;

10     **B.**    **Declaratory judgment:** enter a declaratory judgment that RCW 41.56.028 and
11 RCW 41.56.080, to the extent that those statutes mandate an exclusive bargaining representative
12 on behalf of all family child care providers, and those portions of RCW 41.56.113(1)(b)(i) and
13 RCW 41.56.122(i) applicable to family child care providers, along with Articles 1, 4.1 and 5 of
14 the 2013-2015 Collective Bargaining Agreement between the State of Washington and SEIU
15 Local 925, and similar language in any future CBAs which implement those statutory provisions
16 are unconstitutional under the First Amendment, as secured against state infringement by the
17 Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, and are null and
18 void;

19     **C.**    **Permanent injunction:** issue a permanent injunction enjoining Defendants from
20 engaging in any activity this Court declares illegal; and the enforcement of RCW 41.56.028 and
21 RCW 41.56.080, to the extent that those statutes mandate an exclusive bargaining representative
22 on behalf of all family child care providers, those portions of RCW 41.56.113(1)(b)(i) and RCW
23 41.56.122(i) applicable to family child care providers, along with Articles 1, 4.1 and 5 of the

FREEDOM FOUNDATION
PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

1 | 2013-2015 Collective Bargaining Agreement ("CBA") between the State of Washington and
2 | SEIU Local 925, and similar language in any future CBAs which implement those statutory
3 | provisions;

4 |      **D.**    **Damages:** enter a judgment awarding Plaintiffs compensatory damages under
5 | Count I and enter a judgment awarding Plaintiffs and class members compensatory damages
6 | under Count II in an amount equal to the union fees deducted from their child care payments
7 | since and including March 2012, with interest, and such other amounts as principles of justice
8 | and compensation warrant, and hold SEIU Local 925 liable for said damages;

9 |      **E.**    **Costs and attorneys' fees:** award Plaintiffs their costs and reasonable attorneys'
10 | fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

11 |      **F.**    **Other relief:** grant Plaintiffs such other and additional relief as the Court may
12 | deem just and proper.

13 | Dated: March 4, 2015

By: s/ David M.S. Dewhirst

David M.S. Dewhirst, WSBA #48229
James G. Abernathy, WSBA #48801
(*Western District Admission pending*)
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
Phone: 360.956.3482
Fax: 360.352.1874
DDewhirst@myfreedomfoundation.com
JAbernathy@myfreedomfoundation.com

Milton L. Chappell (*pro hac vice* to be filed)
c/o National Right to Work Legal
    Defense Foundation, Inc.
8001 Braddock Road, suite 600
Springfield, VA  22151
PH: 703.770.3329
mlc@nrtw.org
Attorneys for Plaintiffs and the Requested Class

COMPLAINT
NO. 3:15-cv-5134

14

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com