THE HONORABLE RONALD B. LEIGHTON

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### TACOMA DIVISION

| | |
|---|---|
| CYNTHIA MENTELE, *et al.*, | Case No. 3:15-cv-05134-RBL |
| Plaintiffs, | |
| v. | **JOINT STATUS REPORT and DISCOVERY PLAN** |
| JAY R INSLEE, *et al.*, | |
| Defendants. | |

Plaintiffs and Defendants jointly submit this Joint Status Report and Discovery Plan, pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, dated March 10, 2015 (Dkt. 8), Fed. R. Civ. P. 26, and Local Civil Rule ("LCR") 26.

**1.  Nature and Complexity of the Case.**

**A.  Plaintiffs' Brief Statement of the Case:** Plaintiffs are family child care providers who operate child care businesses in their homes and receive child care subsidies from the State. Plaintiffs are not members of the exclusive bargaining representative, Defendant SEIU Local 925 ("SEIU Local 925"). Nevertheless, at various times between March 5, 2012 and December 31, 2014, the State automatically seized dues equivalent union fees from Plaintiffs' child care

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507  |  360.956.3482
myFreedomFoundation.com

JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

1   subsidy payments and paid those fees to SEIU Local 925.

2          This case seeks to enforce and expand the United States Supreme Court's decision in

3   *Harris v. Quinn*, 134 S. Ct. 2618 (2014), to Washington family child care providers who either

4   have never joined the union or have resigned their union membership since March 5, 2012.

5   *Harris* held the First Amendment does not permit a State to compel personal care providers to

6   subsidize speech on matters of public concern by a union they have not joined. This 42 U.S.C. §

7   1983 civil rights class action concerns whether it is constitutional for a State to compel citizens

8   to accept a mandatory representative to lobby government over policies that affect their private

9   businesses in providing family child care services.

10          Plaintiffs bring this suit to enjoin and declare unconstitutional: (a) RCW 41.56.028, RCW

11   41.56.080, and RCW 41.56.113(1)(b), along with Articles 1 and 4.1 of the Collective Bargaining

12   Agreement ("CBA") between the State of Washington and SEIU Local 925, to the extent that

13   those statutes and articles mandate an exclusive bargaining representative on behalf of all family

14   child care providers (Count I ); and (b) those portions of RCW 41.56.113(1)(b)(i) and RCW

15   41.56.122 applicable to family child care providers, along with Article 5 (before it was

16   superseded by a new Memorandum of Understanding (MOU) on September 18, 2014) of the

17   CBA, and similar language in any future CBAs which implement those statutory provisions,

18   which forced citizens who are family child care providers to accept and financially support a

19   mandatory representative to speak to and petition the State over its child care policies (Count II

20   for which class certification is sought). Plaintiffs also seek to recover for themselves and on

21   behalf of a class of similarly-situated child care providers all fees that have been wrongfully

22   deducted from their subsidy payments and paid to SEIU Local 925 since March 5, 2012.

23          Plaintiffs consider this case to be of relatively straightforward with regard to the matters

24

**JOINT STATUS REPORT**
**AND DISCOVERY PLAN**                    2
NO. 3:15-CV-05134-RBL

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
**myFreedomFoundation.com**
JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

1  of class certification, liability, and damages, if liability is found. The case should be decided on

2  cross-motions for summary judgment based on Supreme Court precedent. Calculating the

3  individual amount of the compensatory damages of the fees seized for each Plaintiff and class

4  member will not be complex or difficult because these amounts are contained in Defendants'

5  business records.

6       **B.  Defendant SEIU 925's Brief Statement of the Case:**

7       Washington pays family child care providers to provide child care services for low-

8  income and at-risk children through several State programs. As in about 10 other states,

9  Washington law allows the child care providers to democratically select a representative for

10  collective bargaining with state officials, pursuant to the State's public employee labor relations

11  law. RCW 41.56.028. The child care providers chose to be represented by defendant SEIU Local

12  925. Plaintiffs are four child care providers in the bargaining unit.

13       Count I of Plaintiffs' complaint alleges that the system of exclusive representative

14  collective bargaining violates the First Amendment. Three other courts have recently rejected the

15  same legal theory, in other cases that also were brought by the National Right to Work Legal

16  Defense Foundation. See *Jarvis v. Cuomo*, 2015 WL 1968224 (N.D.N.Y. Apr. 30, 2015);

17  *D'Agostino v. Patrick*, 2015 WL 1137893 (D. Mass. Mar. 13, 2015); *Bierman v. Dayton*, 2014

18  WL 5438505 (D. Minn. Oct. 22, 2014). Count I presents a legal issue that should be resolved by

19  a pre-trial motion.

20       Count II of Plaintiffs' complaint (which, unlike Count 1, is brought as a putative class

21  claim) challenges the State's prior deduction of agency fees from the subsidy payments to family

22  child care providers who had not become union members. The agency fees were deducted

23  pursuant to Washington law and the then applicable collective bargaining agreement between the

24

**JOINT STATUS REPORT**
**AND DISCOVERY PLAN**
No. 3:15-CV-05134-RBL

3

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
**myFreedomFoundation.com**
**JAbernathy@myFreedomFoundation.com**
**DDewhirst@myFreedomFoundation.com**

1   State and Local 925. The collective bargaining agreement was revised to end the deduction of

2   agency fees after the Supreme Court's recent, 5-4 decision in *Harris v. Quinn*, 134 S. Ct. 2618

3   (2014), so there are no ongoing deductions. Local 925 contends that class certification is not

4   appropriate for a damages claim based for the past collection of agency fees because, among

5   other things, the plaintiffs cannot adequately represent the putative class members because of

6   fundamental conflicts of interest. Local 925 also denies any liability under 42 U.S.C. § 1983.

7   With respect to Count II, the resolution of merits issues should await a decision on the pending

8   class certification motion.

9   **C. Defendants Inslee's, Quigley's, and Schumacher's Brief Statement of the Case:**

10   Since July of 2014, the State no longer deducts union dues or fair share fees from family

11   child care providers who have not authorized the deductions. None of the plaintiffs are being

12   subjected to compelled dues deductions. Accordingly, Count II of Plaintiffs' lawsuit is moot and

13   lacks a justiciable controversy.

14   With respect to Count I, Plaintiffs are not compelled to associate with SEIU 925 nor

15   prevented from expressing their views or associating with any group of their choice. The State's

16   policy decision to listen to an exclusive bargaining representative does not impair Plaintiffs'

17   individual rights to speech and association. Count I presents a legal issue that should be resolved

18   by a pre-trial motion.

19   State Defendants agree that the case against the state Defendants should be

20   straightforward with respect to liability, and should be determined on cross motions for summary

21   judgment. Damages are not being sought against the State Defendants.

22

23

24

FREEDOM FOUNDATION   PO Box 552 Olympia, WA 98507 | 360.956.3482   myFreedomFoundation.com   JAbernathy@myFreedomFoundation.com   DDewhirst@myFreedomFoundation.com

**2.  Deadline for Joining of Additional Parties.**

The parties agree the deadline for adding additional parties should be June 30, 2015, except if the Court denies class certification, plaintiffs should have three weeks after the denial to add additional plaintiffs.

**3.  Consent to Assignment of Case to Honorable Karen L. Strombom, United States Magistrate Judge.**

No.

**4.  Discovery Plan.**

**A.  Date for Rule 26(a) Initial Disclosures:** The parties exchanged their initial disclosures on June 1, 2015, pursuant to the Order of March 10, 2015 (Dkt 8).

**B.  Discovery Subjects, Timing, and Potential Phasing:** The principal topics for discovery include the allegations and evidence in the underlying claim, class certification, and the nature and amount of damages to which plaintiffs and class members, if class is certified on Count II, will be entitled if they are able to establish liability. To accommodate the existing work deadlines and vacations of defendants' counsel, the parties agree that class-related discovery (written discovery and depositions) will be completed on or before August 7, 2015. However, such class depositions of plaintiffs may also include issues relating to the merits of the litigation. All other merits discovery will begin after the Court's ruling on the class certification motion.

**C.  Electronically Stored Information:** The parties will meet and confer regarding the production of electronically stored information.

**D.  Privilege Issues:** The parties anticipate that there may be issues of privilege and confidentiality as discovery progresses, for example a need for an agreement allowing privileged documents to be recovered from the producing party without a finding of waiver. The parties believe that those issues may be addressed at a later time if needed.

FREEDOM
FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com

JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

**E. Discovery Limitations:** The parties believe the presumptive discovery limits under the Federal Rules of Civil Procedure should not be altered at this time. This statement is without prejudice to the right of any party to seek relief from those limitations should future circumstances warrant.

**F. Discovery Orders:** The parties do not anticipate the need for additional orders at this time. The parties agree that this representation is without prejudice to the right of any party to seek additional orders should future circumstances warrant.

**5. Case Management Topics Under LCR 26(f)(1).**

**A. Prompt Case Resolution:** The parties are committed to working together to resolve this case as expeditiously as reasonable possible.

**B. Alternative Dispute Resolution:** The parties will further discuss the issue of alternative dispute resolution ("ADR") for Count II after the Court rules on plaintiffs' pending class certification motion. The parties do not see Count I being amenable to ADR.

**C. Related Cases:** The parties know of no pending related cases involving child care providers.

**D. Discovery Management:** (i) The parties exchanged initial disclosures on June 1, 2015; (ii) The parties will address the sharing of third-party, if any, discovery as the need arises; (iii) The parties do not anticipate requesting discovery or case management conferences at this time; (iv) The parties do not anticipate requesting the assistance of a Magistrate Judge for settlement conferences; (v) The parties agree to use the pretrial order format set forth in LCR 16.1; and (vi) The parties do not request any other orders under LCR 16(b) at this time.

**E. Anticipated Discovery: The** parties anticipate seeking documents and information related to class certification, the claims, amounts of damages, and defenses.

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507 | 360.956.3482
myFreedomFoundation.com

JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

1    **F.  Phasing Motions on Potentially Dispositive Issues:** The parties agree that while

2  dispositive pre-trial motions practice is likely, no phasing is necessary or appropriate at this time.

3  The parties will revisit this issue as the case progresses. Plaintiffs filed a motion for class

4  certification and appointment of class counsel on April 28, 2015, which is currently noted for

5  July 24, 2015. To accommodate the existing work deadlines and vacations of defendants'

6  counsel, the class certification motion will be renoted for September 25, 2015, class-certification

7  related discovery will be completed by August 7, 2015, defendants will file their responses on or

8  before September 11, 2015, and plaintiffs will file their reply on or before September 25, 2015.

9    **G.  Preservation of Discoverable Information:** The parties intend to comply with all

10  requirements regarding preservation of discoverable information. Counsel have advised their

11  clients of the requirements concerning preservation of discoverable information.

12    **H.  Privilege Issues:** The parties anticipate there may be some issues of privilege and

13  confidentiality as discovery progresses but agree they may be addressed at a later time when

14  necessary.

15    **I.  Model Protocol for Discovery of Electronically Stored Information ("ESI"):** The

16  parties expect to adopt some, if not all, of the provisions of the Model Agreement Regarding

17  Discovery of ESI.

18    **J.  Alternative to Model ESI Protocol:** The parties do not expect to utilize any

19  alternative to the Model ESI Protocol.

20   **6.  Discovery Completion Date.**

21    The parties agree the deadline for class-related discovery should be August 7, 2015. The

22  parties agree the deadline for all other discovery, expert and non-expert, should be set for six (6)

23  months after the Court decides the class certification motion.

24

**JOINT STATUS REPORT
AND DISCOVERY PLAN**
No. 3:15-CV-05134-RBL

2

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507  |  360.956.3482
**myFreedomFoundation.com**

**JAbernathy**@myFreedomFoundation.com
**DDewhirst**@myFreedomFoundation.com

7.  **Case Bifurcation.**

The parties do not anticipate any bifurcation of the trial at this time, but agree that the issue of whether bifurcation is appropriate should not be definitively decided at this early juncture. The parties propose to defer the issue and commit to meet and confer in good faith in an attempt to reach agreement on the issue of bifurcation.

**8.  Pretrial Statements and Order.**

The parties will meet and confer ninety (90) days prior to the trial date regarding whether to retain the pretrial order requirements of LCR 16(e), (h), (i), and (k), and 16.1.

**9.  Individualized Trial Program Utilization or ADR.**

The parties do not intend to utilize the Individualized Trial Program set forth in LCR 39.2. The parties will explore ADR for Count II after the Court rules on Plaintiffs' pending class certification motion. The parties do not see Count I being settled.

**10. Other Suggestions for Shortening or Simplifying Case.**

The parties have no other suggestions for shortening or simplifying the case at this time.

**11. Trial Date.**

The parties agree the trial date should be set for twelve (12) months after the Court decides the class motion; while the deadline for filing dispositive motions should be set for seven (7) months after the Court decides the class motion, which is one (1) month after the close of discovery.

**12. Jury or Non-July Trial.**

No party has demanded a jury trial.

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507  |  360.956.3482
myFreedomFoundation.com

JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

**13. Trial Days.**

The parties believe four (4) trial days should be scheduled, although defendants believe more days may be necessary if class certification is granted.

**14. Trial Counsel.**

    **A. For Plaintiffs:**

       David M.S. Dewhirst, WSBA #48229
       James G. Abernathy, WSBA #48801
       c/o Freedom Foundation
       P.O. Box 552
       Olympia, WA 98507
       Telephone: (360) 956-3482
       Facsimile:  (360) 352-1874
       Email: DDewhirst@myfreedomfoundation.com
             JAbernathy@myfreedomfoundation.com

       Milton L. Chappell (pro hac vice)
       c/o National Right to Work Legal
       Defense Foundation, Inc.
       8001 Braddock Road, suite 600
       Springfield, VA 22151
       Telephone: (703) 321-8510
       Facsimile:  (703) 321-9319
       Email: mlc@nrtw.org

    **B. For Defendants Inslee, Quigley, and Schumacher:**

       Robert M. Ferguson
       Washington State Attorney General

       By:      Alicia O. Young, WSBA #35553
              Assistant Attorney General
              PO Box 40126
              Olympia, WA 98504-0126
              Telephone:  (360) 586-6300
              Facsimile:  (360) 586-6655
              Email: AliciaO@atg.wa.gov

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507  |  360.956.3482
myFreedomFoundation.com

JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

Courtlan P. Erickson
Assistant Attorney General
PO Box 40145
Olympia, WA 98504-0145
Telephone:  (360) 664-4167
Facsimile:  (360) 664-4170
Email:  CourtlanE@atg.wa.gov

### C.  For Defendant SEIU Local 925:

Robert H. Lavitt
SCHWERIN CAMPBELL BARNARD IGLITZIN & LAVITT LLP
18 West Mercer Street, Suite 400
Seattle, WA  98119
Tel: 206-257-6004
Fax: 206-257-6039
Email: Lavitt@workerlaw.com

Scott Kronland (pro hac vice)
Altshuler Berzon LLP
77 Post Street, Suite 300
San Francisco, CA  94108
Tel: 415-421-7151
Email: SKronland@altber.com

### 15. Trial Counsel Problem Dates for a Trial Date.

At this time, trial counsel have no problem dates.

### 16. Status of Defendants' Service.

Service on all parties has been completed.

### 17. Scheduling Conference Desirability Prior to Issuance of Scheduling Order.

At this time, the parties do not see a need for a scheduling conference.

### 18. Corporate Disclosure Statement.

No party is a corporation.

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507  |  360.956.3482
myFreedomFoundation.com

JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

DATED this 8th day of June, 2015.

s/ David M.S. Dewhirst
David M.S. Dewhirst, WSBA #48229
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
Telephone: (360) 956-3482
Email: DDewhirst@myfreedomfoundation.com

s/ Milton L. Chappell
Milton L. Chappell (pro hac vice)
c/o National Right to Work Legal
Defense Foundation, Inc.
8001 Braddock Road, suite 600
Springfield, VA 22151
Telephone: (703) 321-8510
Facsimile:   (703) 321-9319
Email: mlc@nrtw.org

*Attorneys for Plaintiffs*

s/Robert H. Lavitt
Robert H. Lavitt, WSBA No. 27758
Schwerin Campbell Barnard Iglitzin & Lavitt LLP
18 West Mercer Street, Suite 400
Seattle, WA  98119
Tel: 206-257-6004
Fax: 206-257-6039
Email: *Lavitt@workerlaw.com*

s/Scott A. Kronland
Scott A. Kronland, CA Bar No. 171693*
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Tel: 415-421-7151
Email: *SKronland@altber.com*

*Attorneys for Defendant SEIU Local 925*

*\*Admitted Pro Hac Vice*

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507  |  360.956.3482
myFreedomFoundation.com

JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com

1

2                                    s/ Alicia O. Young

                                    Alicia O. Young, WSBA #35553

3                                    Assistant Attorney General

                                    PO Box 40126

4                                    Olympia, WA 98504-0126

                                    Telephone:  (360) 586-6300

5                                    Facsimile:  (360) 586-6655

                                    Email: AliciaO@atg.wa.gov

6

7                                    Courtlan P. Erickson

                                    Assistant Attorney General

8                                    PO Box 40145

                                    Olympia, WA 98504-0145

9                                    Telephone:  (360) 664-4167

                                    Facsimile:  (360) 664-4170

10                                  Email:  CourtlanE@atg.wa.gov

11                                  *Attorneys for Defendant State of Washington*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FREEDOM FOUNDATION

PO Box 552 Olympia, WA 98507  |  360.956.3482
myFreedomFoundation.com

JAbernathy@myFreedomFoundation.com
DDewhirst@myFreedomFoundation.com